**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TONYA DIANE PHILLIPS, Individually, and as Personal Representative of the Estate of ALLEN DARRELL PHILLIPS, deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>CUDD PRESSURE CONTROL, INC., a Mississippi Corporation, and CMP OILFIELD SERVICES, LLC, a Texas Limited Liability Co., and SAGE INDUSTRIES, INC., a Texas Corporation,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-09-1197-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This case is scheduled for trial on the Court's April 2012 trial docket.

Before the Court is defendant Cudd Pressure Control, Inc.'s ("Cudd") Motion for Summary Judgment, filed February 1, 2012. On February 24, 2012, plaintiff filed her response, and on March 2, 2012, Cudd filed its reply. On March 26, 2012, plaintiff filed her Supplemental/Surreply in Response to Cudd's Motion for Summary Judgment, and on March 28, 2012, Cudd filed its reply to plaintiff's supplement/surreply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff commenced this wrongful death action, as the surviving spouse of Allen Darrell Phillips. At the time of his death, Mr. Phillips was employed by Cudd. At approximately 1:00 p.m. on January 4, 2008, Mr. Phillips died after being involved in an accident while participating in a

fracturing job for Cudd.  During the fracturing job, Cudd was using a Sand Hulk machine, which

is used on well sites for both the storage of Bauxite/sand and to convey the Bauxite/sand into the

formation for the fracturing job.  On the date of the accident, Mr. Phillips entered one of several

compartments of a sand trailer during operations and tragically lost his life.

On October 30, 2008, the Oklahoma Workers' Compensation Court entered an Order

Determining Compensability and Awarding Death Benefits to plaintiff.  Additionally, on March 13,

2009, the Oklahoma Workers' Compensation Court entered an Order Awarding Funeral Expenses

to plaintiff.[1]  Cudd now moves for summary judgment, contending, in part, that it is entitled to

judgment as a matter of law because plaintiff elected the above workers' compensation remedy.

II.      Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law.  The moving

party is entitled to summary judgment where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines

the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir.

1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden

of doing more than simply showing there is some metaphysical doubt as to the material facts.

---

[1]Based upon these two orders, the parties do not dispute that plaintiff prosecuted her
workers' compensation claim to finality.

Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

    A.  Choice of Law

The parties dispute whether Oklahoma law or Texas law applies to this case. Plaintiff asserts that Oklahoma law applies. Cudd asserts that Texas law applies.

"A federal district court sitting in a diversity case must apply the choice of law rules of the state where it sits, which in this instance is Oklahoma." *Black v. Cabot Petroleum Corp.*, 877 F.2d 822, 823 (10th Cir. 1989). In tort cases, Oklahoma applies the "most significant relationship test." *See Brickner v. Gooden*, 525 P.2d 632, 637 (Okla. 1974). Under the "most significant relationship test,"

> the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties. The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include:
>
> (1) the place where the injury occurred,
>
> (2) the place where the conduct causing the injury occurred,
>
> (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (4) the place where the relationship, if any, between the parties occurred.

*Id.*

Having considered the above-referenced factors, the Court finds that Oklahoma has the most significant relationship to the occurrence and the parties in this case and that Oklahoma law, therefore, applies in this case.[2] While the injury occurred in Texas, that is the only relationship Texas has to this case. Mr. Phillips was a resident of Oklahoma, and his widow and minor children still are. Cudd is a Delaware corporation with its principal place of business in Atlanta, Georgia. Mr. Phillips was hired and employed by Cudd in Cushing, Oklahoma. All of the Cudd personnel on the jobsite were from Cushing or Seminole, Oklahoma. The accident was investigated in Elk City, Oklahoma. The issues involved in plaintiff's claims against Cudd all surround the training, policies, materials, equipment, decisions, and procedures of Cudd, made and developed in Oklahoma. Finally, all the equipment and materials involved in the incident came from Oklahoma.

B.     Election of Remedies

It is undisputed in this case that plaintiff accepted workers' compensation benefits and a final order awarding benefits was entered within the Workers' Compensation Court. Cudd contends that it is entitled to judgment as a matter of law on plaintiff's claims because plaintiff elected the workers' compensation remedy. Plaintiff contends that under Oklahoma law she is not barred from bringing her intentional tort claims.

The Oklahoma Supreme Court has not ruled on the precise issue involved in this case – whether a plaintiff is barred from bringing an <u>intentional</u> tort claim because she has received a final award in her workers' compensation case. The Oklahoma Supreme Court, however, has held:

---

[2] The Court would note that even if Texas law applied, the result in this case would be the same, as the Texas Supreme Court has held that an individual's election of the workers' compensation remedy bars his common law intentional tort claims against his employer. *See Medina v. Herrera*, 927 S.W.2d 597 (Tex. 1996).

> Under the teachings of *Pryse Monument Co. v. District Court* [595 P.2d 435, 437-38 (Okla. 1979)], an employee who has two remedies for the same injury and has prosecuted one of them to conclusion (securing an award or judgment), is barred from resort to the other remedy. This rule, which is essence erects a res judicata bar, is applicable to compensation claimants who may also press a tort remedy.
>
> \*             \*             \*
>
> The law provides but one method to avoid the *Pryse Monument* bar. If the employer used fraud or coercion to induce an employee to bring a claim in compensation, the employee may proceed in a district court suit to set aside the award for extrinsic fraud. Barring this relief, which is the *sine qua non* of a later tort redress, the award must be given its full res judicata effect.

*Dyke v. Saint Francis Hosp., Inc.*, 861 P.2d 295, 302 (Okla. 1993). Additionally, both the Supreme Court of New Mexico and the Supreme Court of Texas, when faced with this issue, have held that a plaintiff is barred as a matter of law from bringing an intentional tort claim based upon her receipt of a final award in her workers' compensation case. *See Salazar v. Torres*, 158 P.3d 449 (N.M. 2007); *Medina v. Herrera*, 927 S.W.2d 597 (Tex. 1996).

Having reviewed Oklahoma case law, as well as decisions from other states, the Court finds that the Oklahoma Supreme Court would hold that when a plaintiff with both a workers' compensation claim and an intentional tort claim elects and pursues one to conclusion,[3] she is barred from resort to the other remedy. Because plaintiff has received a final award in her workers' compensation case, the Court finds that this final award serves as a res judicata bar to her international tort claim in this case. Accordingly, the Court finds that Cudd is entitled to summary judgment as to plaintiff's intentional tort claim.

---

[3] The Court would note, based upon the case law, that a plaintiff would likely not be barred if she has not received a final award in her workers' compensation case but has only received an interim award.

### C. "Dual Persona" Doctrine

Plaintiff asserts that her negligence claims against Cudd are permitted under the "dual persona" doctrine. Specifically, plaintiff asserts that Cudd was acting in a different capacity in undertaking the "rescue" of Mr. Phillips which exacerbated his injuries, inflicted pain and suffering, and assured his death.

> According to the dual persona doctrine, an employer shielded from tort exposure by the compensation law's exclusivity provisions may nonetheless become liable to the employee *ex delicto* if, when inflicting the harm, the employer was acting in *some different capacity*. The test for dual persona responsibility calls for ascertaining if the employer assumed a second persona which is so completely and distinctly independent from its status of employer that the law should recognize the employer's other persona as a separate entity.

*Dyke*, 861 P.2d at 300 (emphasis in original). "*The dual persona doctrine cannot be applied if the undenied facts indicate that at the critical time of injury for which recovery is sought, the employer was acting in only one capacity.*" *Id.* at 301 (emphasis in original).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has not submitted sufficient evidence to create a genuine issue of material fact as to whether Cudd was acting in a different capacity in undertaking the "rescue" of Mr. Phillips. The Court finds that the evidence submitted in this case shows but one conclusion – that Cudd was acting as Mr. Phillips' employer, and nothing more, when Cudd's employees' attempted to rescue Mr. Phillips. Accordingly, the Court finds that Cudd is entitled to summary judgment as to plaintiff's negligence claims.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Cudd's Motion for Summary Judgment [docket no. 50].

**IT IS SO ORDERED this 6th day of April, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE