**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TONYA DIANE PHILLIPS, Individually, and as Personal Representative of the Estate of ALLEN DARREL PHILLIPS, deceased,<br><br>           Plaintiff,<br><br>CUDD PRESSURE CONTROL, INC., a Mississippi Corporation, and CMP OILFIELD SERVICES, LLC, a Texas Limited Liability Co., and SAGE INDUSTRIES, INC., a Texas Corporation,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-09-1197-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is plaintiff's Rule 59 and Rule 60 Motion to Vacate Its April 6, 2012 Order [Dkt. 221] Granting Summary Judgment to Cudd and Enter Order Denying Cudd's Motion for Summary Judgment, filed May 3, 2012. On May 17, 2012, defendant Cudd Pressure Control, Inc. ("Cudd") filed its response. On May 24, 2012, plaintiff filed her reply, and on June 8, 2012, plaintiff filed her Supplemental Brief to Her Rule 59 and 60 Motion. Based upon the parties' submissions, the Court makes its determination.

Pursuant to Federal Rules of Civil Procedure 59 and 60, plaintiff moves this Court to reconsider its decision to grant Cudd's motion for summary judgment. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling

law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff asserts that this Court's ruling that plaintiff's claim pursuant to *Parret v. UNNICO Service Company*, 127 P.2d 572 (Okla. 2005), is barred by the election of remedies doctrine is a manifest error of law and clearly a mistake of law. Specifically, plaintiff contends that the election of remedies doctrine does not apply to *Parret* intentional tort claims and that *Parret* itself clearly permits a plaintiff to bring both a district court claim for intentional tort and prosecute to finality a death claim under the Workers' Compensation Act. Plaintiff further asserts that the ends of justice will only be served by the Court reviewing the legal issue again, vacating its order granting summary judgment to Cudd, entering an order denying Cudd's motion for summary judgment, and re-setting this case on the Court's jury trial docket.

Having carefully reviewed the parties' submissions, as well as the applicable case law cited therein, the Court finds no need to vacate its order granting Cudd's motion for summary judgment. Specifically, the Court finds that it did not misapprehend the controlling law and that its ruling is not a manifest error of law. The Court finds that the Oklahoma Supreme Court's ruling in *Parret* was limited to the issue of the evidentiary burden imposed on a plaintiff asserting an intentional tort claim and did not address either the *res judicata* effect of a fully-adjudicated workers' compensation case or whether the election of remedies doctrine applies to *Parret* cases. The Court further finds that it properly concluded that the issue of whether the election of remedies doctrine applies to a *Parret* claim remains an issue of first impression in Oklahoma. Additionally, the Court would note that the decisions from the United States District Court for the Northern District of Oklahoma cited by plaintiff are not binding precedent upon this Court and finds that this Court's ruling is not a

manifest error of law because it reaches a different resolution.[1]  Further, the Court finds that in her motion, plaintiff primarily re-asserts arguments she made in response to Cudd's motion for summary judgment and advances arguments that could have been raised in prior briefing.

Accordingly, the Court DENIES plaintiff's Rule 59 and Rule 60 Motion to Vacate Its April 6, 2012 Order [Dkt. 221] Granting Summary Judgment to Cudd and Enter Order Denying Cudd's Motion for Summary Judgment [docket no. 228].

**IT IS SO ORDERED this 11th day of June, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court would note that it did not rely upon the September 22, 2011 opinion in *Coulson v. Jenson International, Inc.*, Case No. 10-CV-788-GKF-FHM (N.D. Okla.) in its April 6, 2012 order.  Further, the Court would note that in the June 1, 2012 opinion and order in the *Coulson* case granting the plaintiff's motion to alter or amend judgment and motion for relief from final judgment, Judge Frizzell states as follows: "The court, having reviewed cases cited in *Torres*, does not find the weight of authority clearly favors permitting injured plaintiffs to pursue and collect both workers' compensation awards and tort damages."  Opinion and Order at 4.